peal as a petition for mandamus. On December 4, 2000, we ordered the Veterans Court to consider whether Krueger's first letter (dated July 3, 2000) had been a timely notice of appeal of the Board's April 18, 2000 decision.

The Veterans Court then noted that the two courts had been acting in ignorance of the other's actions. It held that because it had accepted Krueger's second letter as a timely notice of appeal and docketed (but later dismissed) the appeal, Krueger's petition for relief was moot, and dismissed it. That order, dated April 25, 2001, is the subject of the present appeal.

II

The jurisdiction of this court to review decisions of the Veterans Court is limited to challenges to "the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (Supp.2001). Except for constitutional issues, however, we cannot review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(1988).

As noted, Krueger's appeal is from the Veterans Court order of April 25, 2001, which dismissed his petition for relief as moot. The validity of that decision turns on (1) whether there remained a live controversy over the validity of Krueger's July 3, 2000 letter as a valid appeal, in light of that court's acceptance of Krueger's July 28, 2000 letter, as a timely appeal from the Board decision, and (2) whether this court's writ of mandamus required the Veterans Court to determine the validity of that earlier letter as an effective appeal. These issues involve factual determination relating to this particular case and section

7292 denies us jurisdiction to decide them. We therefore dismiss the appeal.

**NORTH AMERICAN CONTAINER, INC., Plaintiff–Appellee,**

v.

**PLASTIPAK PACKAGING, INC., Defendant–Appellant,**

**and**

Constar, Inc. (also known as Constar Plastics, Inc.), Schmalbach–Lubeca Plastic Containers USA, Inc., Owens–Illinois, Inc., Owens–Brockway Plastic Products, Inc., Continental Pet Technologies, Inc., Wis–Pak Plastics, Inc., CNC Containers Corporation, American National CAN Group, Inc., Southeastern Container, Inc., Western Container Corporation (also known as Western Container, Inc.), Suiza Foods Corporation, BCB USA Corporation (also known as Cott USA Corporation), American Bottling Company, Coca–Cola Enterprises, Inc., Coca–Cola Bottling Company Consolidated, Quaker Oats Company, Ocean Spray Cranberries, Inc., Tropicana Products, Inc., Knouse Foods Co–Op, Inc., the Perrier Group of America, Inc., Great Brands of Europe, Inc., Danone International Brands, Inc., UDV North America Incorporated (also known as United Distillers), Barton Brands Ltd., the Campbell Soup Company,

Hershey Foods Corporation, the J.M. Smucker Co., Kraft Foods, Inc., Thomas J. Lipton Company, Heinz USA Co., Reckitt Benckiser, Inc. (also known as Reckitt & Coleman, Inc.), Colgate–Palmolive Company, Clorox Company, Helene Curtis, Inc., the Kroger Company, Safeway, Inc., Albertson's, Inc., and Shasta Beverages, Inc., Defendants,

and

Joseph E. Seagram & Sons, Inc., Defendant–Third Party Plaintiff,

and

Siligan Plastic Corporation and Algroup Wheaton, Third Party Defendants.

No. 99–CV–1749.

United States Court of Appeals, Federal Circuit.

Nov. 15, 2001.

Before MAYER, Chief Judge, CLEVENGER and LINN, Circuit Judges.

Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

---

Richard R. HAMZIK, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 01–70606.
Tax Ct. No. 8738–99.

United States Court of Appeals, Federal Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).